UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Jennifer Gilliam, | ) | C/A No. 3:03-3370-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Juvenile Justice, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

1

The plaintiff asserted claims against the defendant for race discrimination under Title VII, hostile work environment, and violation of the Americans with Disabilities Act (ADA). The ADA claim was dismissed on January 16, 2004. The defendant filed a motion for summary judgment on the remaining claims on November 5, 2005. The motion was referred to the magistrate judge pursuant to with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

The United States Magistrate Judge has filed a report and recommendation suggesting that the motion by the defendant for summary judgment be denied with respect to the plaintiff's claim for hostile work environment and granted with respect to the plaintiff's claim for disparate treatment and constructive discharge.

Plaintiff was apprised of her right to file objections to the report and recommendation and did not file any objections to the report within the prescribed time. The defendant filed objections on May 23, 2005. The plaintiff filed a reply to defendant's objections on June 9, 2005. The court heard oral argument on August 2, 2005.

No objections were filed to the magistrate judge's recommendation that defendant be granted summary judgment on plaintiff's claim for race discrimination based on disparate treatment and constructive discharge. Accordingly, the court adopts this portion of the report and recommendation. Furthermore, the court adopts the facts as set forth in the magistrate judge's report (which, as required, are taken in the light most favorable to the non-moving party, the plaintiff).

I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

II. OBJECTIONS

The defendant objects to the magistrate judge's report and recommendation on two grounds: (1) the magistrate judge's finding that the plaintiff's hostile work environment claim is timely and not procedurally barred; and (2) the magistrate judge's finding that any alleged actions taken against the plaintiff were based on her race.

*a. Timeliness*

The defendant argues that the magistrate judge erroneously found that the plaintiff's hostile work environment claim is timely and not procedurally barred.

Under Title VII, "only those acts that occurred 300 days before . . . the day that

3

[plaintiff] filed his charge, are actionable." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). However, the *Morgan* Court recognized an exception to this rule when dealing with racially hostile work environment claims: the continuing violation exception. *Id.* at 117. The Court looked to the nature of a hostile work environment claim—"a series of separate acts that collectively constitute one unlawful employment practice." *Id. Morgan* concluded that as long as one of the separate acts which comprise the hostile work environment claim took place within the 300-day time period, a court could properly consider all acts which combine to make up the unlawful employment practice whether the acts occurred within 300 days of the filing of a charge with the EEOC or not.[1] *Id.* The *Morgan* Court provided direction to district courts considering whether to apply the continuing violation exception: "A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period." *Id.* at 120.

In the present case, the majority of the acts complained of by the plaintiff took place prior to March 21, 2001, the beginning date of the 300-day statutory period. According to the

---

[1] The defendant also argues that the plaintiff may only assert the continuing violation exception "when an otherwise limitations-barred incident's character as a violation did not become clear until it was repeated during the limitations period." Defendant's Objections at 3 (quoting *Thompson v. U.S. Dept. of Housing and Urban Development*, 348 F. Supp. 2d 398, 426 (D. Md. 2005)). The *Thompson* case cited to an unpublished Fourth Circuit case decided in 1998. *Arelleno v. Henderson*, 165 F.3d 910 (4th Cir. 1998) (unpublished). However, in 2002, the United States Supreme Court stated: "It is precisely because the entire hostile work environment encompasses a single unlawful employment practice that we do not hold, as have some of the Circuits, that the plaintiff may not base a suit on individual acts that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on such conduct." *Morgan*, 536 U.S. at 117-18.

plaintiff, the hostile work environment that she was subjected to was based on acts by her direct supervisor, Mike Bader and she was subjected to continual harassment and written reprimands by him. In order for the court to consider these incidents, they must be "part of the same actionable hostile work environment practice" as acts occurring within the 300-day time period.

The plaintiff complains of several acts within the 300-day time period: (1) an August 29, 2001 reprimand related to recording keeping of medication distributions; (2) an August 29, 2001 reprimand for leaving work early without notifying a supervisor; and (3) a comment by her supervisor that he would be moving his desk in front of hers.

### *1. Record Keeping Reprimand*

Plaintiff received a written reprimand on August 29, 2001 for two violations of administration of narcotics. The reprimand was precipitated by an inspection performed by the South Carolina Department of Health and Environmental Control (DHEC) earlier that day. During the inspection, DHEC found that these violations had occurred. In response to DHEC's findings, the plaintiff received a written reprimand. In response to the reprimand, the plaintiff admitted her mistake and took responsibility for it. The court finds that this incident was not an act which contributed to a racially hostile work environment because the act was not based on the plaintiff's race, but rather the independent finding of an outside agency. The defendant would be remiss if it failed to respond to DHEC's findings. Therefore, this act cannot act as an anchor to conduct that occurred prior to the 300-day statutory period.

*2. Reprimand for Unauthorized Absence*

On the same day, August 29, 2001, the plaintiff received a reprimand for unauthorized absence from work after she left the job early without receiving prior approval of her supervisor in violation of SCDJJ policy. The plaintiff does not dispute that she left early or that she failed to obtain permission from her supervisor. Accordingly, the court finds that this reprimand was based on a clear violation of policy and therefore, was not a discriminatory act. Furthermore, there is no evidence in the record that this reprimand was based on race rather than the plaintiff's own violation of policy. Therefore, this act cannot act as an anchor linked to acts occurring outside the 300-day statutory period.

*3. Moving Supervisor's Desk*

The plaintiff also complains that on August 29, 2001, her supervisor, Mike Bader, who according to plaintiff was the perpetrator of her harassment, informed her that he would be moving his desk in front of hers so that he could watch her. "Plaintiff asserts that this was another form of harassment by Mr. Bader." Plaintiff's Reply to Defendant's Objections at 3. However, in her deposition, the following exchange took place:

Q. What happened when you got home?

A. I became very agitated because I knew that they were moving his office in front of mine.

Q. Who is they?

A. Administration. The director.

Q. Do you know why they were moving the office in front of yours?

6

A. No

Plaintiff's Deposition at 109.

"A genuine issue of material fact is not created where the only issue of fact is to determine which of the two conflicting versions of the plaintiff's testimony is correct." *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984). Plaintiff's claim stems from her assertions that her direct supervisor subjected her to a hostile work environment based on her race. However, plaintiff clearly testified that the decision to move his desk closer to hers was made by "the director." Furthermore, there is no evidence that this decision was based on race or any other impermissible factor. Therefore, the court finds that this act cannot serve as the anchor to acts occurring before the 300-day statutory period.

Based on the above analysis, the court finds that there is no act within the 300-day statutory period that is part of the same actionable employment practice as acts occurring prior to the 300-day period. Thus, the magistrate erred in finding that all of the acts of which the plaintiff complains are part of a continuing violation. The court will consider only those acts occurring within the 30- day period.

*b. Actions Based on Race*

The defendant also objects to the magistrate judge's finding that any of the alleged acts were based on the plaintiff's race. In order to establish a race-based hostile work environment, the plaintiff must show that she was the target of "conduct that was: (1) unwelcome; (2) based on race; (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and that (4) there was some basis for imposing liability on the

7

employer." *Honor v. Booz-Allen Hamilton, Inc.*, 383 F.3d 180, 190 (4th Cir. 2004).

As discussed above, there is no evidence that any of the acts that occurred within the 300 day period was based on the plaintiff's race. Therefore, the court finds that the magistrate judge erred in this determination. Accordingly, the court rejects this portion of the magistrate judge's report and recommendation and orders that summary judgment be entered for the defendant on the plaintiff's racially hostile work environment claim.

III. CONCLUSION

The court adopts the magistrate judge's report and recommendation with respect to the plaintiff's disparate treatment and constructive discharge claim. Thus, the defendant's motion for summary judgment on this claim is granted. The court rejects the magistrate judge's report and recommendation with respect to the plaintiff's claim for a racially hostile work environment. Accordingly, the defendant's motion for summary judgment on this claim is also granted, and this action is hereby dismissed.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

August 10, 2005
Columbia, South Carolina